**Janet M. LOGAN, Plaintiff,**

**v.**

**COLONIAL WILLIAMSBURG HOTEL PROPERTIES, INC., Defendant.**

**Action No. 4:96cv59.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 2, 1996.

Harris D. Butler, III, Nancy Lang Lowndes, Butler, Macon, Williams, Pantele & Lowndes, P.C., Richmond, VA, for Plaintiff.

Alexander N. Barkus, Thomas M. Mackall, Dina M. Gold, Hunton & Williams, Washington, DC, for Defendant.

## MEMORANDUM AND ORDER

CLARKE, District Judge.

This is a Title VII action alleging race and gender discrimination, sexual harassment and retaliation. This matter is before the Court on Defendant, Colonial Williamsburg's, Motion to Dismiss Count II of Plaintiff's complaint, which alleges sexual harassment.

For the reasons stated below, the Court FINDS that Plaintiff has not exhausted her administrative remedies with regard to the sexual harassment claim and, therefore, GRANTS Defendant's Motion to Dismiss Count II of Plaintiff's complaint.

### I. Factual Background

Ms. Logan was discharged from her employment with Colonial Williamsburg on June 4, 1994. On June 21, 1994 she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that *race* and *sex* discrimination by Colonial Williamsburg led to her discharge. Ms. Logan later filed an amended complaint with the EEOC claiming her discharge was also the result of retaliation for complaints she made while she was employed. *See*, Plaintiff's Motion Ex. 1 and 2.

Plaintiff was issued a right to sue letter from the EEOC on February 6, 1996 and this action was commenced. In Plaintiff's First Original Amended Complaint, filed July 29, 1996, she alleges five counts of discrimination, four in violation of Title VII and one in violation of 42 U.S.C. Sec. 1981: I) Retaliation; II) Sexually Hostile Work Environment; III) Sex Discrimination; IV) Race Discrimination; and V) Race Discrimination per 42 U.S.C. Sec. 1981. At issue before the Court is the Sexually Hostile Work Environment claim in Count II.

### II. Sexually Hostile Work Environment

■ There are many cases that hold that sexual harassment/sexually hostile work environment is a form of sex discrimination. In this case the plaintiff charged the defendant, in her filing with the EEOC, with sex discrimination. The charge states "I believe I have been discriminated against because of my race, Black and *sex*, female in violation of Title VII ...," Plaintiff's Motion Ex. 1 (emphasis added). The plaintiff contends that because sexual harassment is one form of sex discrimination that the EEOC was notified that the plaintiff was claiming sexual harassment when she charged in her EEOC filing sex discrimination. In Plaintiff's original Charge of Discrimination filed with the EEOC on June 21, 1994, the only facts given in "The Particulars" section were:

> "On June 4, 1994 I was discharged from my position as a Broiler Cook. I was hired as a permanent employee on March 13, 1994. The reason given by Chef Hans Schadler for the discharge was their contract had expired. I believe I have been discriminated against.... (same as quote above)" Plaintiff's Motion Ex. A.

Furthermore, in plaintiff's amended charge filed March 27, 1995 "The Particulars" read: "On or about March 27, 1994, I complained about racial and gender based inequities in the rotation of chefs. On April 15, 1994, I was threatened." Plaintiff then added the retaliation charge to her complaint with the EEOC. *See*, Plaintiff's Motion Ex. B.

■ This Court is reluctant to adopt plaintiff's view because the law is also clear that a claim of discrimination must be filed with the EEOC to allow the EEOC to investigate the charge and attempt reconciliation between the parties.

> "In order to satisfy jurisdictional prerequisites of a Title VII employment discrimination suite, a charge must first be filed with the EEOC against the party sued; such requirement notifies the charged party of the asserted violation, and brings the charged party before the EEOC thereby permitting effectuation of the Act's primary goal, i.e., securing voluntary compliance of the law." *Dickey v. Green*, 710 F.2d 1003 (4th Cir.1983).

■ The Court also does not accept plaintiff's argument that subsequent letters sent to the EEOC by plaintiff's attorney put the EEOC on notice of plaintiff's hostile work environment claim. First, the letters involved clients of the attorney other than the plaintiff. The attorney apparently was trying to consolidate three charges before the EEOC filed by former employees of Colonial Williamsburg all of whom the attorney repre-

**62**

sented. However, one letter specifically refers to another client when discussing a sexually hostile environment, leading the Court to believe that the same allegation did not apply to the plaintiff.

The July 11, 1995 letter from plaintiff's attorney states "Ms. Haynes (another client) works in a sexually hostile environment and has been retaliated against for raising gender discrimination issues. Likewise, Ms. Logan was retaliated against for raising gender and race discrimination issues in her area." Plaintiff's Motion Ex. C. It appears to the Court that the attorney is referring to the claims of retaliation as the claims these two individuals have in common.

 Secondly, even if a very liberal view of the attorney's letters were adopted the Court cannot accept letters that were not sworn to before the EEOC as part of the EEOC claim. The lack of verification prevents the Court from relying upon these letters. A charge that is not under oath or affirmation is not a valid charge. *See, Balazs v. Liebenthal,* 32 F.3d 151 (4th Cir.1994); *Hinton v. C & S/Sovran Corp.,* 57 F.E.P. Cases (BNA) 337 (E.D.Va.1991). Again, the claims filed by the petitioner under oath as required by the statute allege race, sex, and retaliation discrimination. In neither of these claims does the plaintiff mention sexual harassment/hostile work environment. There appears to the Court to be no allegations notifying the EEOC of plaintiff's sexual harassment claim, nor is there any evidence in the plaintiff's complaint or amended complaint filed with the Court that the EEOC investigated a sexual harassment case.

 The parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *See, EEOC v. General Electric Co.,* 532 F.2d 359 (4th Cir.1976); *Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744 (E.D.Va. 1991). Thus, a subsequent civil action may only encompass forms of discrimination similar or related to those filed in the EEOC charge. In several cases, courts have dismissed claims of sexual harassment, which were not included within the original EEOC charge, alleging a different form of sex discrimination, based on the fact that sexual

harassment is distinct from other forms of sex discrimination. *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497 (7th Cir.1994); *Park v. Howard Univ.,* 71 F.3d 904 (D.C.Cir.1995); *Sandom v. Travelers Mortg. Services, Inc.,* 752 F.Supp. 1240 (D.N.J.1990).

### III. Conclusion

Based on the record and the arguments heard before the Court on September 30, 1996 on Defendant's Motion to Dismiss, the Court finds that the facts alleging sexual harassment could not be inferred from the allegations in the EEOC charge and would not have been uncovered absent specific allegations in the charge. Furthermore, there is no evidence the EEOC actually investigated this specific charge giving the defendant the statutorily required opportunity to reach a conciliation agreement on the sexual harassment charge. This being the case, the Court is of the opinion that it is prohibited from determining the sexual harassment charge.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss Count II of Plaintiff's complaint alleging sexually hostile work environment. The Clerk is REQUESTED to send a copy of this Order to counsel for both the Plaintiff and the Defendant.

IT IS SO ORDERED.